Filed 8/29/23  P. v. D'Angelo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS MARK D'ANGELO,<br><br>    Defendant and Appellant. | H050715<br>(Santa Cruz County<br>Super. Ct. No. 19CR01233) |

Thomas Mark D'Angelo appeals from a judgment entered after conviction by plea. Appointed counsel for D'Angelo has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  D'Angelo was advised of the right to file a supplemental brief.  He has submitted a letter brief to this court, which we have reviewed and considered.

Finding no arguable error that would result in a disposition more favorable to D'Angelo, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND[1]

On January 2, 2019, D'Angelo's girlfriend S.M. contacted the Santa Cruz County Sheriff's Office to report that her daughter Jane Doe, who is developmentally disabled,

---

[1] These facts are taken from the preliminary hearing.

had had a sexual relationship with D'Angelo when Jane Doe was a minor. D'Angelo was born in 1958. Jane Doe was born in 2000.

In interviews with law enforcement, Jane Doe disclosed sexual incidents that had occurred between her and D'Angelo. For example, Jane Doe described an incident in which D'Angelo put his penis in her rectum and continued to penetrate her after she told him it hurt. Jane Doe stated she was 11, 12, or 17 when the incident occurred. D'Angelo also showed Jane Doe pornography. Jane Doe said D'Angelo used a sex toy on her at his residence. Jane Doe's DNA was found on a sex toy that S.M. discovered in D'Angelo's possessions.

In a text message between Jane Doe and D'Angelo, in which Jane Doe asked about the possibility of her not getting her period (i.e., being pregnant), D'Angelo replied they only had had sex one time. In a pretext phone call with S.M., D'Angelo admitted that he had sex with Jane Doe but he did not rape her and had used a condom. In other pretext phone calls, D'Angelo denied that he had had sex with Jane Doe.

On November 19, 2019, the trial court conducted a preliminary hearing at which Joshua McKim and Ryan Farotte of the Santa Cruz County Sheriff's Office were the sole witnesses. On November 20, 2019, the court held D'Angelo to answer.

D'Angelo was charged by information on November 26, 2019, with eight crimes against Jane Doe: Rape of an incompetent person (Pen. Code, § 261, subd. (a)(1)[2]; count 1), forcible rape (§ 261, subd. (a)(2); count 2), three counts of sexual battery by restraint (§ 243.4, subd. (a); counts 3–5), forcible oral copulation (former § 288a, subd. (c)(2)(a); count 6), distributing or showing pornography to a minor (§ 288.2, subd. (a)(2); count 7), and sodomy by use of force where the minor victim is 14 or older (§ 286, subd. (c)(2)(c); count 8). The information alleged the offenses occurred on or about or between February 12, 2011, and December 30, 2018.

---

[2] Unspecified statutory references are to the Penal Code.

In March 2022, the trial court issued a criminal protective order ordering D'Angelo to have no contact with S.M. and her children and to stay at least 100 yards away from a specific address (presumably where they were living).

On October 4, 2022, the parties appeared in court for a change-of-plea hearing. D'Angelo's trial attorney described the district attorney's offer to D'Angelo as "a plea of guilty or no contest to [c]ount 1, Penal Code [s]ection 261[, subd.] (a)(1), for a princip[al] term[] [of] six years; [c]ount 3, Penal Code [s]ection 243.4, [one-]third of the mid term for one year; [c]ount 7, Penal Code [s]ection 288.2, eight months [one-]third [of] the mid [term] for a total term of seven years/eight months." D'Angelo's trial counsel did not describe the plea agreement as containing any other terms and did not mention any agreement about the disposition of D'Angelo's personal property.

The trial court engaged in an oral plea colloquy with D'Angelo before taking his plea. D'Angelo waived his rights to a jury trial, to cross-examine witnesses, to remain silent, and to present a defense. As part of the plea colloquy with the court, D'Angelo stated he had had enough time to speak to his attorney. D'Angelo confirmed he understood that under the plea agreement he would receive a prison sentence of seven years and eight months. The court asked D'Angelo whether he had been promised anything other "what's been stated here in court"; D'Angelo answered "[n]o." The parties stipulated to a factual basis for the plea. D'Angelo entered a plea of no contest to count 1 (§ 261, subd. (a)(1)), count 3 (§ 243.4, subd. (a)), and count 7 (§ 288.2, subd. (a)(2)). The court found that D'Angelo had knowingly and intelligently waived his rights and his plea was freely and voluntarily given.

On December 22, 2022, the parties appeared before the trial court for sentencing. The court sentenced D'Angelo on count 1 to the middle term of six years, on count 3 to a consecutive term of one year (one-third of the middle term), and on count 7 to a consecutive term of eight months (one-third of the middle term), for a total aggregate sentence of seven years and eight months. The court awarded 12 days of custody credits

and ordered D'Angelo to register as a sex offender for the rest of his life pursuant to section 290. The court dismissed the remaining counts. The court issued a criminal protective order ordering D'Angelo to have no contact with S.M. and her children.

The trial court ordered a restitution fund fine of $6,300 (§ 1202.4, subd. (b)) and imposed and suspended a $6,300 parole revocation fund fine (§ 1202.45). The court imposed a court operation fee of $120 (§ 1465.8, subd. (a)(1)) and a $90 facility assessments fee (Gov. Code, § 70373). The court ordered general restitution to the California Victim Compensation Board, S.M., and Jane Doe.

The court informed D'Angelo that he had the right to appeal from the sentence and "considering this is a plea, the grounds would have to go to something occurring after the plea." D'Angelo confirmed that he had "received [his] appeal rights."

On January 17, 2023, D'Angelo timely filed a notice of appeal from "the sentence or other matters occurring after the plea that do not affect the validity of the plea." D'Angelo did not request a certificate of probable cause.

D'Angelo submitted an eight-page letter brief to this court. In his letter, D'Angelo describes (in his words) "six lesser-known autism traits that are more common in girls." Although his arguments on appeal are not entirely clear, D'Angelo appears to contend that Jane Doe was not credible, S.M. "sway[ed] [Jane Doe] in her testimony," and/or S.M. allowed Jane Doe too much access to social media platforms, resulting in Jane Doe's "addictive sexual behavioral dependency." D'Angelo asserts that the contents of Jane Doe's iPhone would have assisted his defense, and neither he nor his counsel were given access to the phone. Similarly, S.M.'s laptop used by Jane Doe "was never examined." D'Angelo does not specify the nature of the exculpatory evidence he believes would have been found on Jane Doe's phone or S.M.'s laptop.

In addition, D'Angelo contends he never received his property that was in S.M.'s control, the property is worth $75,000, he was prevented from getting it back because of the criminal protective order, and "part of his plea deal" was that he would get his

4

property back.  D'Angelo asserts he would have gone to trial if he had known his property was not going to be restored to him.  D'Angelo suggests his former, retained counsel "collu[ded]" with the district attorney's office but does not provide specifics, other than noting the length of pretrial proceedings, that the district attorney did not accept his counteroffer, and he has not received his property.

## II.  DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Because he did not request or obtain a certificate of probable cause, D'Angelo may not argue on appeal any issues that would affect the validity of his plea, such as his assertions about pretrial delay and "collusion" between his attorney and the district attorney's office.  (Cal. Rules of Court, rule 8.304(b)(1)–(3).)

To the extent that D'Angelo asserts a claim of ineffective assistance of counsel, the record currently before this court does not establish such a violation.  Such a claim is more appropriately raised in a habeas corpus proceeding.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267.)  Further, the record does not reflect that the district attorney's office has violated any term of the plea bargain that was recited in court on the record.

We have not found any arguable error that would result in a disposition more favorable to D'Angelo.  We therefore affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

5

_____
Danner, J.

WE CONCUR:


_____
Grover, Acting P.J.


_____
Bromberg, J.

**H050715**
***People v. D'Angelo***